UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEFFREY PIERRE-LOUIS,

                Plaintiff,

    -against-

N.Y.C. DEPARTMENT OF CORRECTIONS, OFFICER
JOHN DOE, Badge # 10662, CITY OF NEW YORK,

                Defendants.

------------------------------------------------------------------X

**ORDER**

**12-CV-2958 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Jeffrey Pierre-Louis, who is a pro se prisoner, requests leave to proceed in forma pauperis ("IFP"). (See Docket Entry # 2.) That motion is GRANTED for the purposes of this order, but the Complaint is DISMISSED without prejudice because Pierre-Louis has not exhausted his administrative remedies.

    When a plaintiff proceeds IFP, a district court must dismiss all claims that clearly fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also id. § 1915A (court shall dismiss sua sponte all or any portion of a prisoner's complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted"). The court reads pro se submissions, such as the Complaint, liberally. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006),

    Pierre-Louis asserts a single claim under 42 U.S.C. § 1983 against the City of New York, the New York City Department of Corrections, and an unnamed corrections officer. (See Compl. (Docket Entry # 1) at 1-3.)

    The claim fails because it is clear from the face of the Complaint that Pierre-Louis has not

1

exhausted his administrative remedies. The Prison Litigation Reform Act of 1994 ("PLRA") states that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Here, Pierre-Louis, who is confined at the Brooklyn Detention Complex, challenges the search of his cell by a corrections officer. Such activity is related to the conditions at the prison. Cf. Porter v. Nussle, 534 U.S. 516, 532 (2002) ("The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether general circumstances or particular episodes, and whether they allege excessive force or other wrongs.") Pierre-Louis alleges that he has filed an administrative grievance related to the search, but concedes that he is "still waiting" for it to be resolved. (See Compl. at 2.)

The Complaint is DISMISSED without prejudice to Pierre-Louis refiling it against the unnamed corrections officer should he exhaust his administrative remedies.[1] Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 5, 2012

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] The Compliant is dismissed with prejudice as to the City of New York and the New York City Department of Social Services, neither of which can be sued on the facts alleged. Cf. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that municipalities are not vicariously liable under § 1983 for the acts of their employees); Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1990) (recognizing that organizational subdivisions of the City of New York are not amenable to suit).